UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBRAHIM MUSSA MOHAMED,<br><br>    Petitioner,<br><br>v.<br><br>CYNTHIA TAMPKINS, Warden,<br><br>    Respondent. | Civil No.   15-CV-0704-BEN (WVG)<br><br>**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL** |

Petitioner, a state prisoner proceeding pro se, has requested appointment of counsel to represent him on appeal of this Court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (Doc. No. 15). For the reasons set forth below, Petitioner's request for appointment of counsel is DENIED without prejudice.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West 2000); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless

-1-

the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29.

Here, Petitioner has sufficiently represented himself to date and Petitioner has a good grasp of this case and the legal issues involved. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Moreover, Petitioner has not provided any justification supporting his request. His request for counsel merely states that he has no assets or income. Therefore, although Petitioner has submitted evidence that he has no funds to pay for counsel, he has failed to articulate any reason that justice may require appointment of counsel. Therefore at this stage of the proceedings, the Court finds that the interests of justice do not require the appointment of counsel.

For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel. Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: November 30, 2015

Hon. William V. Gallo
U.S. Magistrate Judge