UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBRAHIM MUSSA MOHAMED,<br><br>Petitioner,<br><br>v.<br><br>CYNTHIA TAMPKINS, Warden,<br><br>Respondent. | Case No.: 15-CV-0704-BEN (WVG)<br><br>**ORDER REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254); GRANTING PETITIONER'S MOTION TO PROCEED; DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL [DOC. NO. 30]** |

**I.    BACKGROUND**

On March 30, 2015, Ebrahim Mussa Mohamed ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his San Diego Superior Court conviction for five counts of assault with a deadly weapon and one count of stalking. (Doc. No. 1.) Petitioner challenges his state court conviction on four distinct grounds. He contends that (1) the trial court erred by not obtaining Petitioner's express waiver of right to testify; (2) Petitioner had ineffective assistance of appellate counsel; (3) Petitioner had ineffective assistance of trial counsel; and that (4) Petitioner was given an "illegal sentence" by being charged with a crime unsupported by some of the evidence. (Doc. No. 1.) In his Petition, Petitioner acknowledged that of the four claims, only the first had been properly exhausted. (Doc. No. 1 at 6-9.)

Petitioner filed a Motion to Stay his federal proceeding while he attempted to exhaust his three unexhausted claims. (Doc. No. 2.) On February 3, 2016, this Court issued a Report and Recommendation Denying Petitioner's Motion to Stay. (Doc. No. 21.) This Court determined that, as alleged in the Petition, none of Petitioner's three unexhausted claims relate to, or even reference his exhausted claim that the trial court erred by not obtaining Petitioner's express waiver of his right to testify. Id. at 7. The Court noted that it was highly doubtful that an attempt by Petitioner to file an amended petition under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), would be successful, as his unexhausted claims appeared time barred, and there was no cause to grant a stay under *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005). Id. at 7, 11.

On March 7, 2016, the Honorable Roger T. Benitez, United States District Judge, issued an Order Denying Petitioner's Motion to Stay. (Doc. No. 22.) Judge Benitez determined that Petitioner's singular exhausted claim alleged that the trial court erred by failing to obtain Petitioner's express waiver of his right to testify. (Doc. No. 1 at 6.)

On March 30, 2016, this Court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies. (Doc. No. 23.) In the Notice, the Court outlined Petitioner's two options to proceed with his habeas petition, and provided deadlines for Petitioner and Respondent to take action. Id. On April 19, 2016, Petitioner filed a Motion for Extension of Time, seeking a 30 day extension to exercise one of his options. (Doc. No. 26 at 1.) On April 20, 2016, the Court granted Petitioner's Motion for Extension of Time. (Doc. No. 27.)

## II. PETITIONER'S MOTION TO PROCEED

On June 2, 2016, Petitioner filed the instant Motion to Proceed.[1] (Doc. No. 30.) In his Motion, Petitioner states that all of his claims have now been exhausted, and requests that the Court allow him to proceed with all of the claims set forth in his habeas petition.

---

[1] Petitioner's Motion was received in the Clerk's Office on May 26, 2016. (Doc. No. 29.)

Id. at 1. Along with his Motion, Petitioner attaches a document from the Supreme Court of California, stating that his habeas petition was denied. Id. at 3.

On June 7, 2016, Respondent filed a Response to Petitioner's Motion. (Doc. No. 32.) Respondent notes that it does not object to Petitioner's Motion, and states that "[a]ll of [Petitioner's] claims appear to have been denied on the merits in state court." Id. at 2.

### III.    BRIEFING SCHEDULE

**IT IS ORDERED** that:

1. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **August 10, 2016**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[2] At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is not required for the motion to dismiss.

2. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **September 12, 2016**. At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

---

[2] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

3. Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

4. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **August 10, 2016**. At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments must be accompanied by a notice of lodgment which must be captioned "**<u>Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office</u>**." Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry. Each item must be numbered separately and sequentially.

5. Petitioner may file a traverse to matters raised in the answer no later than **<u>September 12, 2016</u>**. Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

6. A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

7. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

8. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

9. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

### IV. SECOND MOTION TO APPOINT COUNSEL

On November 24, 2015, Petitioner filed a Motion to Appoint Counsel. (Doc. No. 15.) On November 30, 2016, this Court denied Petitioner's Motion to Appoint Counsel. (Doc. No. 16.) Along with his instant Motion to Proceed, Petitioner again requests appointment of counsel. (Doc. No. 30.) To support his request, Petitioner claims that he is indigent and that good cause exists for counsel to be appointed. Id. at 2.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West 2000); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29.

Here, Petitioner has sufficiently represented himself to date and Petitioner has a good grasp of this case and the legal issues involved. He has filed his habeas petition, a motion to stay, motions for extension of time, and a motion to proceed. Further, he has not

provided the Court with any new justification for his second motion for appointment of counsel after his first motion was denied.

Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Moreover, Petitioner has not provided any justification supporting his request. His request for counsel merely states that he is indigent. Although Petitioner has submitted evidence that he has no funds to pay for counsel, he has failed to articulate any reason that justice may require appointment of counsel.[3] Therefore, at this stage of the proceedings, the Court finds that the interests of justice do not require the appointment of counsel.

For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel. Accordingly, Petitioner's second request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated:  June 10, 2016

Hon. William V. Gallo
United States Magistrate Judge

---

[3] In an Order Granting Petitioner's Application to Proceed In Forma Pauperis, filed on June 3, 2015, Judge Benitez stated, "According to his trust account statement, Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee." (Doc. No. 5.)