UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBRAHIM MUSSA MOHAMED,<br><br>                                    Petitioner,<br><br>v.<br><br>CYNTHIA TAMPKINS, Warden,<br><br>                                    Respondent. | Case No.:  15-CV-704-BEN-WVG<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND TRAVERSE**<br><br>[ECF No. 38] |

## I. INTRODUCTION

On July 27, 2016, Respondent Cynthia Tampkins timely filed an Answer to Petitioner Ebrahim Mussa Mohamed's Petition for Writ of Habeas Corpus. (ECF No. 34.) Petitioner timely filed his Traverse on September 12, 2016. (ECF No. 36.) On September 23, 2016, Petitioner filed the present Motion to Amend his Traverse. (ECF No. 38.)

In his Motion to Amend, Petitioner requests leave to file an amended traverse for the purposes of responding to Respondent's argument regarding a certificate of appeal. (*Id*. at 1-2.) Petitioner claims he should be able to amend for good cause. (*Id*. at 3-4.) Petitioner did not explain in any detail what good cause he had for making the Motion to Amend.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a

party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). The Supreme Court has instructed lower courts to heed the language of Rule15(a) to grant leave freely when justice requires. *Valley v. Automated Systems of America, Inc.*, 2012 WL 113753, at *1 (S.D.Cal. Jan. 13, 2012); citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." *Id*; citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Further, leave to amend should be granted more liberally to *pro se* litigants. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003); *see also Lopez,* 203 F.3d at 1131 ("We have noted frequently that the 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the *pro se* litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'") (internal citations omitted).

### III. RULING

Petitioner, proceeding *pro se*, filed his Motion to Amend only eleven days after filing his Traverse. Further, Petitioner only seeks to address a small portion of his Traverse; the legal standard of a certificate of appeal. Although Petitioner provides no reason for not including the information in his Traverse, the Court GRANTS Petitioner's Motion to Amend his Traverse. Petitioner shall file an Amended Traverse on or before **January 20, 2017**.

**IT IS SO ORDERED**.

Dated:  December 20, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge