UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBRAHIM MUSSA MOHAMED,<br><br>          Plaintiff,<br><br>v.<br><br>CYNTHIA TAMPKINS,<br><br>          Defendants. | Case No.: 15cv704-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Report and Recommendation issued by the United States Magistrate Judge on the Petition for Habeas Corpus filed by Petitioner Ebrahim Mussa Mohamed pursuant to 28 U.S.C. § 2254. (ECF Nos. 44, 45).

**I. Background**

  On March 30, 2015, Petitioner Ebrahim Mussa Mohamed, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a motion to stay. (ECF Nos. 1, 2). Petitioner challenges his state court conviction for five counts of assault with a deadly weapon pursuant to California Penal Code section 245(a)(1) and one count of stalking pursuant to California Penal Code section 646.9(a). Petitioner contends he is entitled to habeas relief on the following four grounds: (1) trial court error by not obtaining Petitioner's express waiver of right to testify; (2) ineffective assistance of appellate counsel; (3) ineffective assistance of trial counsel; and (4) an "illegal sentence" pursuant

| | |
|---|---|
| 1 | to California Penal Code section 245(a)(1) due to insufficient evidence. The Court issued |
| 2 | an Order dismissing the case for failure to pay the filing fee on April 20, 2015. (ECF No. |
| 3 | 3). On May 20, 2015, Petitioner filed a motion to proceed in forma pauperis. On June 3, |
| 4 | 2015, the Court granted the motion to proceed in forma pauperis. (ECF No. 5). |

On June 3, 2015, Petitioner filed a motion requesting a stay of his federal proceedings while he attempted to exhaust his unexhausted claims. (ECF No. 21). On February 3, 2016, the Magistrate Judge issued a Report and Recommendation recommending that the motion to stay be denied. (ECF No. 21). On March 7, 2016, the Court issued an Order adopting the Report and Recommendation and denying the motion to stay. (ECF No. 22).

On March 30, 2016, the Court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies. (ECF No. 23).

On June 2, 2016, Petitioner filed a "Motion to Proceed forward with all his claims" stating that his claims had now been exhausted. (ECF No. 30). Respondent filed a response stating that she did not object to the motion. (ECF No. 31). On June 10, 2016, the Magistrate Judge granted Petitioner's motion to proceed, denied a request for appointment of counsel, and set a briefing schedule on the Petition. (ECF No. 33).

On July 27, 2016, Respondent filed an Answer and Notice of Lodgment of State Court Record. (ECF Nos. 34, 35). On September 12, 2016, Petitioner filed a Traverse. (ECF No. 36). On January 23, 2017, Petitioner filed an Amended Traverse. (ECF No. 40). On March 30, 2107, the Magistrate Judge ordered that Respondent lodge additional state trial court records. (ECF No. 41). On May 31, 2017, Respondent filed the requested trial records under seal. (ECF No. 43).

On June 12, 2017, the Magistrate Judge issued an Order recommending that the Court deny the Petition for Writ of Habeas Corpus.[1] (ECF No. 44). The Report and

---

[1] Portions of the Report and Recommendation are redacted. An unredacted version of the Report and Recommendation is filed under seal on the docket. (ECF No. 45).

Recommendation concludes that the "state court's denial of the [express waiver of right to trial claim] was neither contrary to nor an unreasonable application of clearly established Supreme Court law." (ECF No. 44 at 11). The Report and Recommendation concludes with respect to Petitioner's ineffective assistance of trial court counsel claim that "Petitioner failed to show the trial court was unreasonable in determining his trial counsel performed at the level required by the Constitution, and has failed to show he was prejudiced by his trial counsel." *Id.* at 16. With respect to the ineffective assistance of appellate counsel claim, the Report and Recommendation concludes that Petitioner's appellate counsel did not act unreasonably in failing to raise a meritless claim of ineffective assistance of trial court counsel claim. *Id.* at 16-17. With respect to Petitioner's claim related to Penal Code section 245 (a)(1), the Report and Recommendation states that Petitioner's claim "seems to question the jury's decision to convict based on the evidence presented at trial" and concludes that Petitioner is not entitled to relief as to this claim because it "is a state law matter and Petitioner has identified no potential due process violations." *Id.* at 18.

Pursuant to the Report and Recommendation, any objections were to be filed by July 12, 2017 and any replies to objections were to be filed by July 18, 2017. The docket reflects that no objections have been filed.[2]

**II. Discussion**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The

---

[2] On January 9, 2018, the Honorable Roger T. Benitez, United States District Judge, recused from this case and the case was reassigned to the Honorable William Q. Hayes, United States District Judge. (ECF No. 46).

district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The Court has reviewed the Report and Recommendation, the record, and the submissions of the parties. The Court finds that the Magistrate Judge correctly recommended that the Petition for Writ of Habeas Corpus be denied. The Report and Recommendation is adopted in its entirety.

**III. Certificate of Appealability**

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has raised colorable, nonfrivolous arguments with respect to the first, second, and third grounds for habeas relief asserted by Petitioner. The Court grants a certificate of appealability with respect to the following grounds for relief identified in the Petition: (1) trial court error by not obtaining Petitioner's express waiver of right to testify; (2) ineffective assistance of appellate counsel; and (3) ineffective assistance of trial counsel.

///

///

## IV. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 44) is adopted in its entirety. The Petition for Writ of Habeas Corpus (ECF No. 1) is denied. A certificate of appealability is granted with respect to the first, second, and third grounds for relief in the Petition. The Clerk of the Court shall enter judgment for Respondent and against Petitioner and close the case.

Dated: February 12, 2018

Hon. William Q. Hayes
United States District Court